IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
                Plaintiff,    14-903333-KGG

v.

BLAKE X. POPE,
                Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION AND
GRANTING MOTION FOR CLARIFICATION**

The Defendant has filed this motion requesting either reconsideration or clarification of the Court's Order following the September 12 hearing (Doc. 62, 67) regarding modifications to Defendant's conditions of supervised release after a finding that he violated the terms of his supervision. The motion for reconsideration is DENIED. The Court GRANTS the motion for clarification.

The Court's Order (Doc. 67) modified the conditions of the Defendant's supervised release to require the Defendant to undergo treatment proposed by the defense. It was represented to the Court that this treatment would include in-patient detoxification and in-patient treatment which would begin approximately two weeks from the September 12 hearing. The Court is advised that the in-patient space has been secured for the Defendant beginning September 26, which is consistent with the Court's understanding at the time of the hearing. The Court understood, and is was represented, that the in-patient portion of the treatment, including detox, would likely take several weeks. The Court also ordered that upon completion of the in-patient treatment the Defendant would spend any additional time, if any, on supervision in the half-way house. Because the Defendant's supervision will end on November 24, it was considered likely that the in-patient treatment period would consume most if not all of the

remaining supervision period.  However, if the Defendant completes the in-patient treatment prior to the conclusion of his supervision, the Court intends and ordered that the remaining supervision be completed at the half-way house. The Court intends that, because half-way house placement would take about two weeks, the Defendant would not be required to report to the halfway house until after in-patient treatment, provided the in-patient treatment would begin as expected, within about two weeks of September 12.

In the present motion the Defendant objects that placement in the half-way house in Topeka will place him at an inconvenient distance from his out-patient therapist, who is located in Manhattan, Kansas, and from planned employment.  The Court understands this concern, which was fully discussed and considered at the September 12 hearing.  However, based on the violations of the conditions of supervised release, the Court intends and orders that following in-patient treatment the Defendant will report to the half way house to complete any remaining supervision.  Alternatively, the Court has no objection, <u>upon recommendation of the Defendant's supervising officer</u>, to the Defendant's being housed during the post-in-patient supervision period in a sober living house if available in lieu of the half-way house.

IT IS SO ORDERED.  Dated and signed September 19, 2017.

s/ Kenneth G. Gale  
KENNETH G. GALE  
United States Magistrate Judge